**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

ANAIS ELIBRAHIMI,

        Plaintiff,

   v.

BED BATH & BEYOND, INC.,

        Defendants.

**ORIGINAL CLASS ACTION COMPLAINT**

Plaintiff, ANAIS ELIBRAHIMI, on behalf of herself and all others similarly situated, sues Defendant, BED BATH & BEYOND, INC., and states the following:

**NATURE OF ACTION**

1. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), on behalf of herself and a Class consisting of all Florida residents who purchased, betweenNovember 1, 2012 to present, certain Damask, 500 Thread Count, 100% Egyptian Cotton Sheets (the "Product") from Defendant Bed Bath & Beyond, Inc. ("BB & B") that were labeled as being composed of "100% Egyptian Cotton." The Product's "100% Cotton" claim was, and is false, deceptive, misleading and a violation of Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") because the Product inside the package is not composed of 100% Egyptian Cotton

based on the attached testing, information and belief, the Product contains far less than 100% Egyptian cotton.

2.      BB & B manufactures, markets and distributes the Product. As alleged herein, BB & B engaged in unconscionable business practices and deceptive acts in connection with the labeling, advertising, marketing and sale of the Product with the claim of "100% Egyptian Cotton" without proof of the truth of the 100% Egyptian cotton content for each lot, a violation of FDUTPA.

3.      During the Class Period, Defendants engaged in a common plan and scheme through the use of deceptive and misleading labeling and advertising claims on the Product to induce consumers to purchase their product based on the claim of "100% Egyptian Cotton."

In addition, through their deceptive and misleading product labels and advertising, Defendants have led consumers to believe that the Product contained "100% Egyptian Cotton" when Defendants knew, or should have known, that these claims were, uncorroborated, and were thus false, deceptive or misleading.

### *The BB & B Damask Products*

4.      BB & B distributes, "markets," and sells the Product throughout Florida.  As alleged herein, BB & B engaged in unconscionable, unfair and deceptive acts or practices in connection with the labeling, advertising, marketing and sale of the Product in Florida which have harmed Plaintiff and the Class.

5. The "100% Egyptian Cotton" representation is deceptive and misleading, and reasonably likely to deceive the public.  Consumers purchase the premium priced Product in lieu of the less expensive products, for the purpose of obtaining a product with 100% Egyptian cotton.

6. As a result of BB & B deceptive claims consumers, including Plaintiff and members of the Class, have suffered damages from purchasing the products with claims of "100% Egyptian

cotton" because the Product is worth less than the Plaintiff and members bargained to receive.

7. BB & B'S conduct alleged herein constitutes an unconscionable, unfair and deceptive act or practice in violation of the FDUTPA. Plaintiff, on behalf of herself and all others similarly situated, seek injunctive and declaratory relief in the form of an order requiring BB & B to remove its "100% Egyptian Cotton" claim from the Product and an order declaring the manufacturing, marketing, promoting, labeling, advertising or selling the Product with the claim of "100% Egyptian Cotton" without proof of the truth of the 100% Egyptian cotton content for each lot is a violation of FDUTPA.

## PARTIES, JURISDICTION AND VENUE

8. Plaintiff Anais Elibrahimi is a Florida resident who purchased the Product at a BB & B located at Sawgrass Mills Mall, 12801 W Sunrise Blvd, Sunrise, FL 33323.

9. DefendantBB & B Inc. is incorporated in New York with its principal place of business in Union, New Jersey. At all relevant times, Defendant, BB & B Inc., manufactured, marketed, distributed and sold various consumer products, including the Product that is the subject of this lawsuit, to Plaintiff and members of the class throughout Florida.

10. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) in that the matter in controversy, exclusive of interest and costs, exceeds the sum of value of $5,000,000 and is a class action in which members of the Class are citizens of a state different from Defendant.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that many of the acts and transactions giving rise to this action occurred in this District because Defendants:

    a. are authorized to conduct business in this District and have intentionally availed themselves of the laws and markets within this District through the distribution and sale of the Product in this District;

    b. do substantial business in this District;

    c.    are subject to personal jurisdiction in this District; and

    d.    Plaintiff purchased the Product from a BB & B store located at Sawgrass Mills Mall, 12801 W Sunrise Blvd, Sunrise, FL 33323, which is in this District.

## GENERAL ALLEGATIONS

12.    BB & B claims of "100% Egyptian Cotton" described herein, which representations appear prominently and conspicuously on the Product are contrary to the test result findings that indicate the Product contained approximately 6% of Egyptian cotton. Thus the "100% Egyptian Cotton" representation, on information and belief, is deceptive, misleading, and reasonably likely to deceive members of the putative Class.

### *BB & B Deceptive and Misleading Labeling*

13.    BB & B markets, distributes and sells the Product throughout Florida.

14.    During the Class Period, BB & B engaged in a common plan and scheme through labeling and advertising claims on the Product, to induce consumers to purchase the Product based on the purported benefits provided, including, but not limited to, deceptive and misleading claims of "100% Egyptian Cotton", when BB & B knew, or should have known, or was willfully ignorant of the fact that these claims are deceptive and misleading.

15.    BB & B, being fully aware of what its customers expect from its products, has concealed the fact that the Product does not contain 100% Egyptian cotton as claimed, marketed and represented.

16.    The front and back labels of the Damask sheets at issue, as shown below, indicate that the product is made of "100% Egyptian Cotton."

17.    By delivering a product inside the package that does not conform to the representations on the packaging, BB & B has breached applicable warranties that exist in favor of consumers under Florida law.

18. As described above, BB & B, Inc. has deceptively advertised, marketed and represented to consumers that the Product is made of 100% Egyptian cotton, because the product inside the packaging does not conform to the representations on the label.

### *The Impact of BB & BDeception*

19. As the distributor and seller of the Product, BB & B possess specialized knowledge regarding the content of the product and is in a superior position to learn about the product.

20. The Produce was marketed and sold in a way to deceive and induce, or had the effect of deceiving and inducing, consumers into purchasing the Product. The Product's claims are deceptive and misleading, and reasonably likely to deceive the public.

21. Plaintiff and members of the Class have been misled and deceived into purchasing a Product that is worth less than what the Plaintiff and members of the Class paid for, and it is not what the Plaintiff and other members of the Class similarly situated bargained to receive. But for the deceptive and misleading claims set forth above, Plaintiff and the other members of the Class would not have purchased the Product or would not have paid the premium price charged for the Product, which were based in part on the misrepresentation that the Product is made of "100% Egyptian Cotton." Plaintiff and Class Members have suffered an economic loss proximately and in fact because of their purchase of the Product.

22. Plaintiff and Class Members have been and are continuing to be deceived or misled by BB & B deceptive claims, that the Product is made of "100% Egyptian Cotton." Plaintiff and Class Members purchased the Product during the class period and, in doing so, were exposed to the prominent and conspicuous deceptive and misleading labeling on the front and back labels of the Product.

## CLASS REPRESENTATION ALLEGATIONS

### Class Definition

23. Plaintiff incorporates and realleges the above paragraphs.

24. Plaintiff brings this action as a class action pursuant to Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil procedure.

25. Plaintiff sues on behalf of herself and a Class defined as:

All Florida residents who purchased the following products in Florida from November 1, 2012 to present: Damask, 500 Thread Count, 100% Egyptian Cotton Sheets.

Excluded from the Class are Defendants and any officer, director, employee, legal counsel, firm, trust, corporation, or other entity related to or affiliated with Defendants and the members of the judiciary and their office staff to whom this case may be assigned.

26. Numerosity: Members of the Class are so numerous and geographically dispersed throughout Florida that individual joinder of all members is impracticable. The exact number of Class Members remains unknown to Plaintiff at this time. However such information is in the exclusive control of Defendants. Upon information and belief, there are hundreds, if not thousands, of putative Class Members. BB & B sells the Product in many locations throughout Florida. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and the Court.

27. Common Questions of Law and Fact: All Members of the Class have been subject to and affected by the same practices and policies and common thread of misconduct resulting in injury to Plaintiff and all other members of the Class as described herein. There arenumerous questions of law and fact that are common to the members of the Class. These questions include, but are not limited to the following:

a. whether BB & B'S labeling of its Product is unfair and/or deceptive;

b. whether BB & B'S labeling of its Product is likely to deceive a reasonable consumer;

c. whether BB & B'S acts or practices described herein were in violation of the Florida Deceptive and Unfair Trade Practices Act, F.S. §§ 501.201, *et. seq.*;

d. whether Plaintiff and the other members of the Class have sustained some damage as a result of the conduct alleged herein; and

e. whether Plaintiff and the other members of the Class are entitled to injunctive and other equitable relief.

28. Typicality: Plaintiff's claims are typical of the claims of the Class Members in that Plaintiff and all Class Members purchased the Product, and were injured based on BB & B'S respective uniform deceptive and misleading claims in the labeling and advertising of the Product during the Class Period and have sustained damages as a result. Plaintiff is advancing the same claims and legal theories on behalf of herself and all other members of the class.

29. Adequacy: Plaintiff will fairly and adequately represent and protect the interests of the Class and is committed to the vigorous prosecution of this action. Plaintiff's interests are aligned with the Class and Plaintiff has no interests adverse to the class. Plaintiff has retained counsel who are competent and experienced in class-action litigation.

30. Predominance: The common questions of law and fact relating to the claims of Plaintiff and the claims of each Class member predominate over any question of law or fact affecting only individual members of the class. Plaintiff is not aware of any individual claims covering the issues raised in the Complaint, nor is she aware of the expressed interest of any other individual in controlling this litigation. Each member will be identified through discovery from Defendants, and will be notified and given an opportunity to opt out of the class in the event he or

she has no interest in being represented by this action, or if for any reason he or she prefers to be excluded from the class. The judgment will not be binding on those members who opt out of the class. Consequently, any potential Class Members who have an interest in prosecuting separate claims and controlling their own litigation against Defendant will not be prejudiced by this action.

31. Manageability: There are no difficulties likely to be encountered in the management of this action as a class action that could not be managed by the Court: (a) the advantages of maintaining the action as a class action far outweigh the expense and waste of judicial effort that would result in thousands of separate adjudications of these issues for thousands of Class Members; and (b) class treatment further insures uniformity and consistency in results.

32. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the Class claims herein asserted in that:

- Individual claims by Class Members are impracticable as the costs of pursuit far exceed what any one individual Plaintiff or Class member has at stake;

- As a result, individual members of the Class have no interest in prosecuting and controlling separate actions;

- It is desirable to concentrate litigation of the claims herein in this forum; and

- The proposed class action is manageable.

- The party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

## CAUSES OF

## ACTIONCOUNT I

**(Florida Deceptive and Unfair Trade Practices Act)**
**(against Defendant Macy's)**

33. Plaintiff incorporates, restates, and realleges the above paragraphs as if fully set forth herein.

34. Plaintiff asserts this cause of action on behalf of herself and the Class.

35. Plaintiff and the other Class Members are "consumers" as defined by Florida Statute §501.203(7), and the subject transactions are "trade or commerce" as defined by Florida Statute §501.203(8).

36. FDUTPA was enacted to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

37. For the reasons discussed herein, BB & B'S violated and continues to violate FDUTPA by engaging in the unconscionable, deceptive, unfair acts or practices described herein and proscribed by Florida Statute §501.201, *et seq*. BB & B'S affirmative misrepresentations, omissions and practices described herein were likely to, and did in fact, deceive and mislead members of the public, including consumers acting reasonably under the circumstances, to their detriment.

38. BB & B'S actions constitute unconscionable, deceptive, or unfair acts or practices because, as alleged herein, BB & B'S engaged in deceptive advertising, and misrepresented and omitted material facts regarding the Product, thereby offending an established public policy, and engaging in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

39. BB & B'S violated FDUTPA by engaging in the unfair and deceptive practices,

which offend public policies and are immoral, unethical, unscrupulous and substantially injurious to consumers, including the following acts:

a.  disseminating standardized advertisements including product labels that deceptively described the product as being made of "100% Egyptian Cotton";

b.  failing to disclose to Plaintiff and the other members of the Class that the Product contains far less than 100% Egyptian cotton;

c.  misrepresenting the products as "100% Egyptian Cotton."

40. BB & B'S represented and failed to disclose material facts on the products' labeling and packaging when it knew, or should have known, or was willfully ignorant of the fact that the representations were deceptive and misleading, and reasonably likely to, and did in fact, deceive and mislead members of the public, including consumers acting reasonably under the circumstances, to their detriment.  As a result of BB & B'S claims regarding the Product, consumers, including Plaintiff and members of the Class, have purchased a product that is not made of "100% Egyptian Cotton" as advertised.

41. Plaintiff and the other members of the Class purchased the Product after viewing deceptive and misleading statements and representations in the labeling and advertising.  Plaintiff and the other members of the Class purchased the Product and paid a premium price for the product because they reasonably believed that this product was made of "100% Egyptian Cotton." Accordingly, Plaintiffs and the Class suffered an ascertainable loss as a result of having bought the Product during the Class Period.

42. FDUTPA specifically provides for injunctive and declaratory relief relating to alleged unfair and deceptive trade practices. Without an injunction or corresponding declaration preventing Defendants from continuing to make deceptive and misleading statements on the labeling of the Product, including, but not limited to, representations that the Product is made of "100% Egyptian Cotton" consumers, including Plaintiff and the class, will continue to be

deceived as they make reasonably anticipated future purchases. Therefore, pursuant to § 501.211(1), Florida Statutes (2009), Plaintiff seeks a declaration that Defendants' deceptive conduct has violated and continues to violate FDUTPA and seeks injunctive relief regarding Defendant's' past and continuing deceptive conduct.

43. As a direct and proximate result of the unconscionable, unfair, and deceptive acts or practices alleged herein, Plaintiff and the other Class Members have been damaged and are entitled to recover actual damages, to the extent permitted by law, including §501.211, Florida Statutes (2009) and class action rules, in an amount to be proven at trial. In addition, pursuant to §501.211, Florida Statutes (2009), Plaintiff and the Class seek equitable relief and to enjoin Defendant on the terms that the Court considers reasonable. Plaintiff also seeks reasonable attorneys' fees and costs, as well as statutory damages as prescribed by §§ 501.211(2) and 501.2075, Florida Statutes (2016).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of itself and the Class, demands judgment against Defendants as follow:

A. Certification of this case as a class action;

B. Appointment of Plaintiff as a representative of the Class;

C. Appointment of the undersigned as Class Counsel;

D. Holding Defendants liable to Plaintiff and Class Members for actual damages in such amount as the Court or Jury may determine;

E. Awarding declaratory and injunctive relief as permitted by law;

F. Awarding Plaintiff and Class Members attorneys' fees and all litigation costs;

G Awarding Plaintiff and Class Members statutory damages as allowed by law; and

  H. Awarding Plaintiff and Class Members such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all issues so triable as a matter of right.

Dated: October 20, 2016

Respectfully submitted,

/s/ Alexander J. Korolinsky
Alexander J. Korolinsky, Esq.
Florida Bar No. 119327
THE LAW OFFICES OF
HOWARD W. RUBINSTEIN, P.A.
700 Lavaca Suite 1400
Austin, Texas 78701
500 S. Australian Avenue Ste. 600
West Palm Beach, Florida 33401
Phone: (888) 637-3399

Attorney for Plaintiff ANAIS ELIBRAHIMI
And the Proposed Class
